UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:06-CR-299 |
| Plaintiff, | |
| v. | Hon. Robert Holmes Bell |
| KENNETH DEAN VANDENBERG, | |
| Defendant. | |

## PLEA AGREEMENT

This constitutes the plea agreement between Kenneth Dean Vandenberg and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. **The Defendant Agrees to Plead Guilty.** The Defendant agrees to plead guilty to Count 2 of the Indictment which charges the Defendant with a violation of Title 18, United States Code, Sections 5316 and 5322.[1] The elements of this offense are to: a) willfully; b) fail to file the report designated by the Secretary of the Treasury; c) when about to transport monetary instruments (in this case cash) of more than $10,000 from a place within the United States to a place outside the United States.

---

[1] Note: the latter section was in effect at the time of the offense in May 2002, but was replaced in 2004 by section 5332 which is cited in the indictment. The parties agree that this error does not affect the validity of the indictment.

2. **The Defendant Understands the Penalty.** The statutory maximum sentence that the Court can impose for a violation of Title 31, United States Code, Sections 5316 and 5322(a), is the following: 5 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 and a mandatory special assessment of $100. The Defendant agrees to pay the special assessment at or before the time of sentencing.

3. **Waiver of Constitutional Rights.** By pleading guilty, the Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the Defendant would have had the following rights:

a. The right to the assistance of counsel, including, if the Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the Defendant.

b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove the Defendant guilty beyond a reasonable doubt.

c. The right to confront and cross-examine witnesses against the Defendant.

d. The right, if the Defendant wished, to testify on the Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e. The right not to be compelled to testify, and, if the Defendant chose not to testify or present evidence, to have that choice not be used against the Defendant.

By pleading guilty, the Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

4. **The United States Attorney's Office Agrees.** The U.S. Attorney's Office agrees to dismiss Count 1 of the Indictment at the time of sentencing for Count 2. The U. S. Attorney's Office for the Western District of Michigan further agrees that it will not prosecute the Defendant for any other offenses based on facts known to this office at the time its representative signs this agreement. The Defendant understands that the U.S. Attorney's Office is free to prosecute the Defendant for any other unlawful conduct, including any unlawful conduct that occurs after the date of this agreement.

5. **Acceptance of Responsibility.** The U.S. Attorney's Office agrees not to oppose the Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under §3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by the Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Further, the government agrees that Defendant Vandenberg's plea is timely, thereby permitting the government to avoid preparing for trial as to him, and, therefore, the government agrees to move for an additional one-level reduction if the adjusted offense level is 16 or greater.

6. **§ 1B1.8 Protection for Proffered/Cooperative Statements.** The U.S. Attorney's Office agrees that information which has been provided by the Defendant through the Defendant's proffer(s) will not be used by the Government to enhance the Defendant's sentence, in accordance with Sentencing Guidelines §1B1.8.

3

7.  **Breach of Agreement.**  If the defendant breaches this agreement at any time, whether before or after sentencing, the federal government shall have the right to terminate this agreement or deny any and/or all benefits that he would otherwise be entitled to under the terms of this agreement. In the event that the federal government elects to terminate the agreement, the agreement shall be considered null and void and the United States shall be free to bring such additional charges as the law, facts and situations, in its opinion, warrant.

8.  **The Court is not a Party to this Agreement.**  The Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. The Defendant understands that neither the prosecutor nor the Defendant's attorney can make a binding prediction or promise regarding the sentence the Defendant will receive, except that it will be within the statutory maximum.

9.  **This is the Complete Agreement.**  This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any

additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

MARGARET M. CHIARA
United States Attorney

2-14-07
Date

*(signature)*
RICHARD S. MURRAY
Assistant United States Attorney

    I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

2-22-07
Date

*(signature)*
KENNETH DEAN VANDENBERG
Defendant

    I am Kenneth Dean Vandenberg's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

2-23-07
Date

*(signature)*
LARRY C. WILLEY
Attorney for Defendant

5